UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 5:13-CR-154-DCR-REW |
| v. | ) ) | RECOMMENDED DISPOSITION[1] |
| WARREN DOUGLAS ADAMS, | ) ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). Procedurally, the hearing followed Defendant's motion for a pretrial competency evaluation (DE #7), to which the United States did not object (DE #11).[2] The Court, upon the required findings, ordered the evaluation. DE ##11, 13, 15. The Court ordered a custodial evaluation in light of the Government's pending motion for detention and Defendant's request to defer a detention hearing. DE #11; *see also* DE #13.

The evaluation occurred at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). DE #14. All parties had access to the resulting forensic report (referenced as the "Report") issued by licensed BOP forensic psychologist Dr. Betsy Campbell. DE ##24 (Sealed

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

[2] During the hearing on Defendant's motion for an exam, the Government anticipatorily moved to extend the evaluation to criminal insanity. Defendant subsequently filed a Notice under 12.2(a), and the Court expanded the scope of the evaluation to encompass criminal responsibility. DE ##10, 11, 13.

1

Forensic Evaluation), 24-1 (CV of Dr. Campbell).  In the February 19, 2014 Report, Dr. Campbell opines that Adams is competent for trial purposes.

The Court promptly set a competency hearing, DE #23, and the parties appeared with counsel.  During the course of the hearing, the parties stipulated to admissibility of the Report, to the Report's findings, and to the examiners' qualifications. The parties also waived introduction of other proof and argument in opposition and waived the right to cross-examine the evaluator.

Section 4241 substantially codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960).  Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him."  *See Dusky*, 80 S. Ct. at 789; *see also*18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation.  *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the required hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a).  This framework **suggests** that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995)

(table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question, which is not determinative. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the Report, the proof as to current competency largely consists of the expert analysis of Dr. Campbell. In the Report, Dr. Campbell thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. Dr. Campbell personally observed Adams via direct interview and subjected Adams to psychological testing, as deemed appropriate. Dr. Campbell requested but did not receive prior to the completion of the evaluation supplemental information to aid in the evaluation, including records pertaining to Adams's medical and psychiatric history. She did not condition any opinion on the receipt (or absence) of records. The Report describes Adams as complaining of "symptoms of physical discomfort, fatigue, and nightmares" during the evaluation period, but it opines that "overall, Mr. Adams' mental condition remained stable over the course of the evaluation." DE #24 at 4. The Report indicates that Adams "displayed no bizarre behavior, aggression, or behavioral management problems suggestive of mental illness" during the relevant examination period. *Id.* Per Dr. Campbell, Defendant functioned "normally" when attending to daily activities, including regular attendance at meals in the dining hall and participation in recreational activities, and he "had no difficulty finding his way around the large

3

institution." *Id.* The facility screened for any relevant medical issues, noting none relevant to competency. *Id.*

The Report opines that Adams's overall performance in psychological testing suggested "average intellectual abilities" and did not show "cognitive impairment which would interfere with [Defendant's] ability to proceed competently." *Id.* Relative to the court environment, Adams demonstrated "a basic, thorough understanding of legal concepts and the nature of the legal proceedings in general, and an ability to apply this knowledge to the facts of his own case." *Id.* at 8. Defendant "described his legal situation in a rational, non-delusional, and reality-based manner. He engaged productively and meaningfully in discussions of his case with the examiners. He was able to speak clearly and coherently, albeit simply, about his case." *Id.* The Report denies that Adams experienced "any psychotic symptoms or symptoms of dissociation, which substantially impaired his functioning in ways significant to his competency, or which compromised his reality testing or interfered with his functioning in any way over the course of the evaluation." *Id.* at 6. Per the Report, Defendant provided "thorough verbal responses suggesting that he understands the various participants and proceedings, is able to understand and discuss the charges against him, and is able to assist his attorney in preparing his defense if he so chooses." *Id.* at 5.

The Report is a broad assessment of Defendant's history, condition, and circumstances. Dr. Campbell diagnosed Personality Disorder Not Otherwise Specified, with Antisocial and Histrionic Features. *Id.* Dr. Campbell explained the diagnosis, and she found no impairment sufficient to render Defendant incompetent. *Id.* at 8 ("He has not been diagnosed with a mental disorder which significantly impairs his perception of reality and there is no indication his

4

perception or comprehension of his legal situation is presently impaired by mental illness."). The Report notes Adams's ability to "demonstrate a rational and factual understanding of the charges against him [and] an ability to recall the events leading up to the alleged offense behaviors[.]" *Id.* at 5. After describing and analyzing Adams's understanding of the trial process, ability to participate in his defense, and ability to make relevant decisions, Dr. Campbell concluded, "Mr. Adams displayed a basic, concrete understanding of the proceedings against him and demonstrated sufficient present ability to consult with his attorney regarding the charges against him should he so choose." *Id.* 8-9.

Dr. Campbell correctly applied the *Dusky* standard in determining that Adams is competent:

> [M]ental status examinations conducted over the course of the evaluation provided no indication of severe mental impairment such [that] it would prevent Mr. Adams from being able to perform the mental tasks required of a defendant. Based on interactions with him over the course of the evaluation, Mr. Adams is capable of appreciating the seriousness of his situation, communicating calmly and rationally with his attorney, asserting his preferences regarding how his case will be handled, and, with assistance, engage in planning, problem-solving, and decision-making tasks with his attorney should he so choose.

*Id.* at 7. The Court has not independently observed behavior that conflicts with the examiner's conclusions. At no point during the pendency of this action has the Court perceived Adams as having difficulty in understanding or assisting counsel. In the courtroom, Adams's manner has been appropriate, and he has been responsive both to the Court and, at least within the courtroom, to counsel. He appears to understand and communicate rationally regarding case status and the legal proceedings. Adams may have a personality disorder and may be histrionic, but those elements do not, on this record, threaten his competency under § 4241.

The Court finds nothing in the record that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds, per § 4241(a), that Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find Adams competent to face further proceedings, to include trial, in this matter.

\* \* \* \* \*

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Given the final competency hearing on November 18, 2013, parties shall file any objections to this Recommended Disposition by November 14, 2013. Failure to object per Rule 59(b) waives a party's right to review.

This the 13th day of March, 2014.

Signed By:
Robert E. Wier
United States Magistrate Judge